# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOEL WILMOTH,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-21-0109-X-1 |
| v. | |
| DEPARTMENT OF THE AIR FORCE,<br>　　　　　Agency. | DATE:  May 8, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel J. Gamino, Esquire, Oklahoma City, Oklahoma, for the appellant.

Jermiah Phelix, Esquire, Tinker AFB, Oklahoma, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

On May 13, 2025, the administrative judge issued a compliance initial decision finding the agency partially non-compliant with the Board's Final Order in the underlying appeal. *Wilmoth v. Department of the Air Force*, MSPB Docket No. DA-0752-21-0109-I-1, Final Order (Aug. 18, 2023) (Final Order); *Wilmoth v. Department of the Air Force*, MSPB Docket No. DA-0752-21-0109-I-1,  Petition

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

for Review File, Tab 6; *Wilmoth v. Department of the Air Force*, MSPB Docket No. DA-0752-21-0109-C-1, Compliance File (CF), Tab 15, Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On August 18, 2023, the Board issued its final order cancelling the appellant's removal and restoring the appellant effective December 23, 2020. Final Order at 10. The Board also directed the agency to pay the appellant the correct amount of back pay, interest, and benefits. *Id.*

The appellant filed a timely petition for enforcement of the Board's Final Order. On May 13, 2025, the administrative judge found the agency partially compliant. CID at 17-18. In relevant part, the administrative judge found that the agency had complied with the Final Order with respect to regular pay during the back pay period but ordered the agency to recalculate the back pay award with respect to overtime pay during the relevant period, provide an explanation of the recalculation, and pay the appellant the remaining back pay. CID at 12-15, 17-18. The administrative judge also ordered the agency to submit evidence to show that the appellant was given the opportunity to elect retroactive health insurance and evidence of his elections in light of the agency's deduction of $2,972.42 in health insurance benefits from the back pay. CID at 17-18.

The agency subsequently submitted a pleading asserting compliance. *Wilmoth v. Department of the Air Force*, MSPB Docket No. DA-0752-21-0109-X-1, Compliance Referral File (CRF), Tab 1. As the agency submitted evidence of compliance and neither party filed an administrative petition for review, the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(c).[2]

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision,

After the agency's submission, the Clerk of the Board issued an Acknowledgment Order stating that the appellant's response to the agency's evidence of compliance must be filed within 20 days of the date of service of the agency's submission.  CRF, Tab 2 at 2.  On July 2, 2025, the appellant filed a response asserting that the agency remained in noncompliance and moved for sanctions.  CRF, Tab 3.

On July 11, 2025, the agency submitted additional evidence of compliance, contending that it had recalculated the appellant's overtime in compliance with the compliance initial decision and that it had provided evidence that the appellant was given the opportunity to elect retroactive health insurance and evidence of his election.  CRF, Tab 4 at 5-7.  The agency further asserted that the appellant had failed to respond to a request to complete a direct deposit form from the Defense Financing and Accounting Service (DFAS), which the agency stated it required to complete its compliance obligations.  *Id.* at 8.

On December 11, 2025, the Clerk of the Board issued an Order directing the appellant to explain why he had failed to fill out the DFAS direct deposit form and address any other issues in which he remained in disagreement with the agency.  CRF, Tab 6 at 2.  The Order also directed the agency to explain why it could not issue the appellant a check with the remainder of the back pay.  *Id.* at 3.

On December 30, 2025, the appellant submitted a response to the December 11, 2025 Order, explaining that he felt the agency should "make a good faith calculation of the amount of the payment due" before the appellant completed the direct deposit form.  CRF, Tab 7 at 5.  He also contended that a $7,585.37 debt

---

the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115.  *See* 5 C.F.R. § 1201.183(b)(1).

and health insurance benefits were deducted erroneously from his backpay. *Id.* at 6. In addition, he questioned the agency's calculation of his overtime. *Id.*

The agency also responded to the December 11, 2025 Order on December 30, 2025, and stated that DFAS required either a current mailing address from the appellant or his direct deposit form in order to issue payment. CRF, Tab 8 at 4-5.

On January 20, 2026, the Clerk of the Board issued an Order noting it appeared that the health election form submitted by the agency did not provide proof of a retroactive election of health insurance, because it was effective after the back pay date; and the agency had failed to provide evidence that its method of calculating the amount of overtime owed the appellant during the back pay period was most likely to return the appellant to the status quo ante, as the administrative judge ordered. CRF, Tab 9 at 2. The Order further identified an apparent discrepancy in the overtime calculations. *Id.* at 3. The Order directed the agency to provide evidence with respect to these two issues and informed the appellant that he could provide the agency with his direct deposit number in order to receive payment. *Id.* The Order also stated that the appellant could respond to the agency's evidence of compliance within 21 days of the date of service of the agency's submissions and that if he did not respond, the Board "may assume [that he] is satisfied or concedes that the agency has complied and dismiss the petition for enforcement." *Id.* at 4.

On February 10, 2026, the agency responded to the Board's January 20, 2026 Order, submitting evidence regarding the appellant's decision on the retroactive election of health insurance, and its method of calculating the appellant's overtime during the back pay period. CRF, Tab 10.

The appellant did not respond to the agency's February 10, 2026 submission.

### DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had

the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

Health Insurance

First, with respect to the appellant's health insurance during the back pay period, the agency explained that the appellant had elected not to receive retroactive health insurance and that the agency had therefore not deducted premiums from his back pay. CRF, Tab 10 at 5-6. The agency provided the form in which the appellant elected not to receive retroactive health insurance and submitted spreadsheets demonstrating that it had not deducted premiums from his back pay during the relevant back pay period. *Id.* at 6, 9. The compliance initial decision and the appellant both noted the agency's deduction of $2,925.34 in health insurance benefits from the back pay; however, according to the agency's explanation, these deductions were for retroactive health benefits after the initial decision reinstated the appellant; thus there were no deductions for health insurance benefits during the relevant back pay period. *Id.* at 5-6; CRF, Tab 7 at 6; CID at 17. The appellant has not rebutted this evidence. Accordingly, we find the agency in compliance on this point.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

Calculation of Overtime Pay

*Edwards v. Department of Justice*, 90 M.S.P.R. 537, ¶ 11 (2002) requires the agency to use the method of computation—either the appellant's overtime history or average overtime hours worked by similarly situated employees during the relevant time period—most likely to return the appellant to the position he would have been in but for the agency's unwarranted personnel action. Here, the agency explained that it had used the comparator employee method to calculate the appellant's overtime pay because the workload for the appellant's unit had decreased during the relevant period, and thus the comparator employee method was the method most likely to return the appellant to the status quo ante. CRF, Tab 10 at 7. The agency also provided an affidavit from J.R., a former director of the 547th Propulsion Maintenance Squadron (the appellant's unit) attesting to the unit's decline in workload. *Id.* at 15-16. We find, in light of this affidavit and the agency's explanation, that this method was reasonable. *See Edwards*, 90 M.S.P.R. at ¶ 14.

In its previous submission, the agency provided evidence regarding the calculation of the overtime pay and interest using the comparator employee method. CRF, Tab 4. Specifically, the agency explained that it put together a team of officials with knowledge of the appellant's division, who selected employees comparable to the employee and averaged their overtime pay during the relevant time period, and submitted affidavits supporting that explanation. *Id.* at 5-7, 12-20. The appellant has not rebutted the agency's evidence that it selected appropriate comparator employees and correctly calculated overtime and interest based on these employees' work during the relevant time period. The agency also explained that an apparent discrepancy in its calculations was due to an earlier calculation using different comparators. CRF, Tab 10 at 7. The appellant has not rebutted this evidence. We find the agency in compliance regarding this issue.

Back Pay Deductions

With respect to the appellant's contention that the agency improperly deducted $7,585.47 from his back pay, this debt was for the annual leave which was paid out in a lump sum upon his removal and restored upon his reinstatement. CID at 11; CF, Tab 3 at 37.[4] The appellant may not both have the leave restored and keep the prior payment for it. Accordingly, we find the agency in compliance on this issue.

The appellant did not respond to the agency's most recent submissions, despite being apprised that the Board might construe his lack of response as satisfaction with the agency's response. Accordingly, in light of the agency's submissions, explained above, and the appellant's failure to respond, we find that the agency is now in full compliance with the Board's Final Order. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

Finally, regarding the appellant's request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

In light of the foregoing, we find the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in

---

[4] The appellant also questioned how much money the agency put into his Thrift Savings Plan (TSP) and Federal Employees' Retirement System plan (FERS). CRF, Tab 7 at 6. The agency previously submitted an accounting before the administrative judge showing that it had deducted $9,149.09 for the appellant's TSP; $3,430.87 for his Roth TSP; and $914.92 for the FERS from his backpay. CF, Tab 3 at 37.

this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil

action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.